**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Edilberto RUBIO–ZARATE,
Defendant–Appellant.**

No. 04–41299
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided July 8, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, Michelle Palacios, U.S. Attorney's Office Southern District of Texas, McAllen, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Brent Evan Newton, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:*

Edilberto Rubio–Zarate appeals his guilty-plea sentence for illegal reentry af-

---

* Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ter deportation in violation of 8 U.S.C. § 1326(a) and (b). He argues that, in light of *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court plainly erred in sentencing him under a mandatory guidelines system. He also argues that the district court erred in assessing him two criminal history points for his 1999 conviction of illegal reentry because he did not knowingly and intelligently waive his Sixth Amendment right to counsel before entering an uncounseled plea of guilty to the 1999 charge.

After *Booker,* it is clear that application of the federal sentencing guidelines in their mandatory form constitutes error that is plain. *See United States v. Valenzuela–Quevedo,* 407 F.3d 728, 732–33 (5th Cir.2005). Rubio–Zarate's contention that this error is structural and gives rise to a presumption of prejudice is unavailing. *See United States v. Malveaux,* 411 F.3d 558, 561 (5th Cir.2005). Rubio–Zarate must show that the error affected his substantial rights, and he has not done so. *See Valenzuela–Quevedo,* 407 F.3d at 733–34. He also has not met his burden of showing that his waiver of counsel in connection with the 1999 conviction was invalid. *See Iowa v. Tovar,* 541 U.S. 77, 124 S.Ct. 1379, 1390, 158 L.Ed.2d 209 (2004). The judgment of the district court is therefore AFFIRMED.